```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**MYLAN PHARMACEUTICALS INC.**
**and MYLAN INC.,**

      **Plaintiffs,**

**v.**           //   **CIVIL ACTION NO. 1:09CV138**
                              **(Judge Keeley)**

**PG PUBLISHING COMPANY, PATRICIA**
**SABATINI, LEN BOSELOVIC, JOHN DOE 1,**
**JOHN DOE 2, and JOHN DOE 3,**

      **Defendants.**

**MEMORANDUM OPINION AND ORDER GRANTING**
**MOTION TO REMAND [DKT. NO. 24]**

Plaintiffs, Mylan Pharmaceuticals Inc. ("West Virginia Mylan") and Mylan Inc. ("Pennsylvania Mylan"), filed this action for detinue, misappropriation of trade secrets, conversion and trespass to chattels in the Circuit Court of Monongalia County, West Virginia, on August 19, 2009. Underlying the suit is a story published in the <u>Pittsburgh Post-Gazette</u> ("<u>Post-Gazette</u>"), written and published by the defendants, regarding an investigation into quality control practices at West Virginia Mylan's generic drug manufacturing facility. Defendants allegedly obtained confidential internal documents related to the investigation.

On September 25, 2009, defendants PG Publishing Company ("PG Publishing"), Patricia Sabatini ("Sabatini") and Len Boselovic ("Boselovic") filed a Notice of Removal pursuant to 28 U.S.C.

**MYLAN PHARMACEUTICALS, ET AL. v. PG PUBLISHING CO., ET AL.**

**1:09CV138**

**MEMORANDUM OPINION AND ORDER**

§ 1441(a), alleging that plaintiff Pennsylvania Mylan had no standing to bring suit and was thus not a proper party. If Pennsylvania Mylan is disregarded, defendants argue, complete diversity of the parties is present. West Virginia Mylan is a West Virginia corporation with its principal place of business in Morgantown, West Virginia, while Pennsylvania Mylan is a Pennsylvania corporation with its principal place of business in Canonsburg, Pennsylvania. Sabatini and Boselovic are citizens of Pennsylvania, and PG Publishing is a Pennsylvania corporation headquarted in Pittsburgh.

Contemporaneously with their Notice of Removal, the defendants each filed a motion to dismiss the complaint as to Pennsylvania Mylan (dkt. nos. 4, 5, and 6). In this order, the Court will refer to the motion filed by PG Publishing (dkt. no. 4) for convenience.

On October 6, 2009, the plaintiffs filed a motion to remand this case to the Circuit Court of Monongalia County. They assert that Pennsylvania Mylan is in fact a proper party to this case, and thus no complete diversity of parties exist. The motion to remand and the defendants' motion to dismiss raise the same issue: whether Pennsylvania Mylan is a proper party to this case. After full

**MYLAN PHARMACEUTICALS, ET AL. v. PG PUBLISHING CO., ET AL.**

**1:09CV138**

**MEMORANDUM OPINION AND ORDER**

briefing and oral argument on both motions, for the reasons that follow order, the Court **GRANTS** the motion to remand.[1]

## I. FACTUAL BACKGROUND

Sabatini and Boselovic are reporters for the <u>Post-Gazette</u>, which is owned and operated by PG Publishing. On July 26, 2009, the <u>Post-Gazette</u> published a story written by Sabatini and Boselovic, which reported that workers at the West Virginia Mylan manufacturing facility in Morgantown, West Virginia, misused computer systems to avoid production delays caused by automated quality control systems. Patricia Sabatini and Len Boselovic, <u>Mylan workers overrode drug quality controls</u>, <u>Pittsburgh Post-Gazette</u>, July 26, 2009. In the article, the reporters reference a "confidential internal report" they obtained, detailing the investigation.

Plaintiffs initially filed redacted versions of the documents they believed to be in the defendants' possession as an attachment to their motion to remand (dkt. no. 24-2, Exhibit B). Subsequently,

---

[1] Upon granting the motion to remand at the hearing on December 16, 2009, the Court lost jurisdiction over the motions to dismiss. Accordingly, the Court's statement at the hearing that it denied these motions was improvident and is withdrawn.

pursuant to the Court's order, plaintiffs filed unredacted versions of the same documents for an <u>in camera</u> review. However, the Court does not base its rulings in this Order on any information within the originally redacted portions of the documents.

The plaintiffs note that the documents in question appear on Pennsylvania Mylan letterhead, with a signature block for a Pennsylvania Mylan employee, although they acknowledge that West Virginia Mylan employees also assisted in their preparation. The defendants, desiring to protect the confidentiality of their news sources, do not state where, when or from whom they obtained the documents.

### I. LAW OF REMOVAL

In general, removal is proper only if complete diversity of the parties exists at the time the notice of removal is filed. <u>Higgins v. E.I. DuPont de Numours & Co.</u>, 863 F.2d 1162 (4th Cir. 1988). Under the doctrine of fraudulent joinder, however, a federal court may disregard the citizenship of a non-diverse defendant if "either . . . there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant . . . or . . . there has been outright fraud in the plaintiff's

pleading of jurisdictional facts." Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993)(quotations omitted).

The defendants argue that the doctrine of fraudulent joinder may be applied against a *plaintiff* who has no real claim or who is fraudulently joined. They do not cite, and this Court is unable to identify, a decision from any court of appeals that has so held. Even under the district court cases recognizing the rule the defendants urge, however, they must clearly prove that Pennsylvania Mylan has no possible claim whatsoever.

> Defendants seeking removal on fraudulent joinder grounds bear a heavy burden. Fraudulent joinder must be shown by clear and convincing evidence, resolving all factual and legal issues in plaintiff's favor. Defendants must show either outright fraud in the pleadings or that there is no possibility, based on the pleadings, of stating a claim involving the non-diverse party. Because this jurisdictional inquiry is preliminary to any decision on the merits, the federal court resolves any uncertainties in applicable state law in plaintiffs' favor and subjects the complaint to less searching scrutiny than on a motion to dismiss for failure to state a claim.

Intershoe, Inc. v. Filanto S.P.A., 97 F.Supp.2d 471, 474 (S.D.N.Y. 2000)(citations and quotations omitted)(recognizing "fraudulent plaintiff" theory but determining corporate officer was not improperly joined). See also, e.g., Miller v. Home Depot, U.S.A., Inc., 199 F.Supp.2d 502 (W.D.La. 2001)(plaintiff consumer was

5

fraudulently joined where he did not have "any possibility of recovering against any defendant").

Although the Fourth Circuit has not recognized a claim for fraudulent joinder of an allegedly improper plaintiff, the Court agrees with the reasoning in <u>Grennell v. Western Southern Life Ins. Co.</u>, 298 F.Supp.2d 390 (S.D.W. Va. 2004)(Chambers, D.J.): "The Court can see no logic in prohibiting plaintiffs from defeating diversity jurisdiction by fraudulently joining nondiverse defendants, but allowing them to do so through fraudulently joining nondiverse plaintiffs." <u>Id.</u> at 396. Accordingly, the Court will analyze the claims of Pennsylvania Mylan to determine whether it has been fraudulently joined as a plaintiff in this case.

## II. PLAINTIFFS' STATE LAW CLAIMS

In their complaint, the plaintiffs allege four common-law causes of action under West Virginia law: detinue, misappropriation of trade secrets, conversion and trespass to chattels. All of these have as a common element the requirement that the plaintiff have a possessory interest in the item taken. <u>E.g.</u>, Syl. Pt. 2, <u>U. S. Stamping Co. v. Gall</u>, 2 S.E.2d 269, 270 (W.Va. 1939)("The right of recovery in an action of detinue is based upon a legal right to the

6

possession of the property involved"). Thus, Pennsylvania Mylan can only sustain a claim against the defendants under West Virginia law if it has a legal right to the possession of the documents at issue. To avoid remand, the defendants must show that there is no possibility Pennsylvania Mylan could prevail on any of the state claims advanced by the plaintiffs, or that the plaintiffs committed fraud in their pleading of jurisdiction.

### III. ANALYSIS

The defendants assert that Pennsylvania Mylan is not a real party in interest to this case because the documents at issue belonged to, if anyone, West Virginia Mylan. In response, the plaintiffs assert that the documents actually originated with and were prepared for the benefit of Pennsylvania Mylan.[2]

The Court cannot say that Pennsylvania Mylan has no colorable claim to the possession of the documents. The documents appear on its letterhead and are conspicuously marked as confidential. The documents were apparently intended to be sent to Pennsylvania

---

[2] In this analysis, the Court has considered matters outside the pleadings, including the exhibits and affidavits filed by the parties. See U.S. ex rel. Vuyyuru v. Jadhav, 555 F.3d 337 (4th Cir. 2009).

7

**MYLAN PHARMACEUTICALS, ET AL. v. PG PUBLISHING CO., ET AL.**

**1:09CV138**

**MEMORANDUM OPINION AND ORDER**

Mylan's Office of Global Compliance for the approval or disapproval of Fabiana Lacerca, Senior Vice President and Chief Compliance Officer. Although the documents may have been in the possession of employees of West Virginia Mylan at the time the defendants obtained them,[3] they apparently were prepared, at least in part, for the use of Ms. Lacerca and Pennsylvania Mylan. Furthermore, Pennsylvania Mylan's Vice President and Global Associate General Counsel, Kristin Kolesar, testified via affidavit that Pennsylvania Mylan has an ownership interest in the documents (dkt. no. 25-1).

The defendants urge the Court to abstain from remanding this case until factual discovery can take place to establish the relationship between the various Mylan entities and divisions involved in the preparation of the documents at issue. Yet the Court need not determine that Pennsylvania Mylan in fact has an ownership interest in the documents; rather, it must only be satisfied that there exists some "possibility" of success on Pennsylvania Mylan's state law claims. Marshall, 6 F.3d at 232.

---

[3]The defendants declined to discuss the manner in which they came to possess the documents that formed the basis for the July 26 article, citing the need to protect confidential sources.

8

**MYLAN PHARMACEUTICALS, ET AL. v. PG PUBLISHING CO., ET AL.**

**1:09CV138**

**MEMORANDUM OPINION AND ORDER**

The face of the documents and the sworn testimony of Pennsylvania Mylan personnel establish that possibility.

From certain affidavits filed in other cases, the defendants argue that the plaintiffs' characterization of the relationship between the two Mylan entities is inaccurate. These affidavits, filed in personal injury or product liability cases in which Pennsylvania Mylan sought to be dismissed as a defendant, state that Pennsylvania Mylan is a holding company with no involvement in the manufacture, distribution or advertising of pharmaceuticals. The defendants argue that this is inconsistent with the plaintiffs' contention in this case that Pennsylvania Mylan's Office of Global Compliance, headed by Fabiana Lacerca, engages in investigations across various Mylan entities to ensure compliance with various regulations.

Without expressing an opinion on the plaintiffs' filings in any other case, the Court does not find that the sworn statements made in those affidavits necessarily contradict the assertions in this case. Here, the plaintiffs do not claim that Pennsylvania Mylan undertook any day-to-day activities at the Morgantown facility. Instead, they outline an oversight function of the Office of Global Compliance, which included the request for and receipt of

9

**MYLAN PHARMACEUTICALS, ET AL. v. PG PUBLISHING CO., ET AL.**

**1:09CV138**

**MEMORANDUM OPINION AND ORDER**

the documents at issue. Pennsylvania Mylan, as the sole shareholder of West Virginia Mylan, might reasonably concern itself with the operations of its subsidiary, and potentially troublesome allegations of impropriety, even if it does not actively manage the Morgantown facility.

The defendants thus have failed meet their burden of establishing that Pennsylvania Mylan was fraudulently joined as a plaintiff to this suit. Therefore, complete diversity of the parties is not present as would support the Court's jurisdiction under 28 U.S.C §§ 1332 and 1441.

## IV. CONCLUSION

Because the defendants have not met their burden of establishing that Pennsylvania Mylan is a fraudulent party to this case, the Court **GRANTS** the motion to remand. The Court therefore **REMANDS** this case to the Circuit Court of Monongalia County.

It is so **ORDERED**.

DATED: December 18, 2009.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE